Daniel J. Serafini Esq.
Atty. I.D. No. 336602021
Serafini & Serafini PC
269 Hamburg Turnpike
Wayne, New Jersey 07470
dan@serafinilawfirm.com
*Attorneys for Plaintiffs, Marcelin Anglade and Rosemond Pompilus*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK DIVISION

| | |
|---|---|
| ANGLADE MARCELIN, and ROSEMOND POMPILUS, <br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA, and DILAN CEMAULLOA.<br><br>Defendants. | <br><br><br><br>Civil Action No.:<br><br><br><br><br><br>Jury Trial Demanded |

### **COMPLAINT FOR DAMAGES UNDER THE FEDERAL TORT CLAIMS ACT**

Plaintiffs, Anglade Marcelin and Rosemond Pompilus, by their attorneys file this Complaint against Defendants, United States of America and Dilan Cemaulloa, and allege as follows:

### NATURE OF THE ACTION

1. This is a civil action brought pursuant to the **Federal Tort Claims Act (FTCA)**, 28 U.S.C. §§ 1346(b), 2671–2680, seeking monetary damages for personal injuries and property damage sustained by Plaintiffs as a result of the negligent acts of an employee of the United States Postal Service ("USPS") acting within the scope of their employment.

### THE PARTIES

2. Plaintiffs are both individuals, each residing in the municipality of Orange, County of Essex and State of New Jersey, and are both citizens of the United States of America.

3. Defendant, United States of America, acts by and through its agency, the United States Postal Service, which is an independent establishment of the executive branch of the Government of the United States of America.

4. Defendant, Dilan Cemaulloa, was an employee of USPS.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1346(b)(1), which grants district courts exclusive jurisdiction over civil actions against the United States for, *inter alia*, personal injury or loss of property caused by the negligent or wrongful acts of its employees acting within the scope of their employment.

6. Venue is proper in the District of New Jersey, Newark Division, under 28 U.S.C. § 1402(b) because the act or omission complained of occurred in Rahway, New Jersey, which is within this judicial district, and both Plaintiffs reside in the municipality of Orange, County of Essex and State of New Jersey.

## FACTS

7. On or about December 2, 2022, at approximately 3:57 p.m., a motor vehicle accident occurred at or near the intersection of Lawrence Street and Hancock Street in Rahway, New Jersey.

8. At the aforementioned time and place, Plaintiff, Anglade Marcelin, owned and was lawfully operating his vehicle, a 2006, Nissan, Mercury, traveling westbound on Hancock Street in Rahway, New Jersey.

9. Plaintiff, Rosemond Pompilus, was a passenger in Plaintiff, Anglade Marcelin's vehicle.

10. Defendant, Dilan Cemaulloa, while operating a USPS vehicle within the scope of his/her employment with USPS, was driving the USPS mail delivery truck southbound on Lawrence Street at its intersection with Hancock Street in Rahway, New Jersey.

    (a) The USPS employee failed to stop at a stop sign at the intersection, or disregarded a stop sign, or failed to yield to Plaintiff's right of way.

11. The negligence of Defendant, Dilan Cemaulloa, while acting in the course of their employment with USPS, caused the USPS vehicle to collide with Plaintiffs' vehicle, resulting in significant personal injuries to both Plaintiffs, as well as property damage to Plaintiff, Anglade Marcelin's vehicle.

12. Both Plaintiffs sustained significant permanent injuries, including but not limited to the following body parts: neck, back, head, arms, legs, upper and lower extremities.

13. Both Plaintiffs have required extensive medical treatment, including radiographic examinations, diagnostic testing, and doctor visits, and will continue to require medical care and incur medical expenses in the future.

14. Plaintiff, Anglade Marcelin's vehicle was damaged beyond repair or incurred significant damage, resulting in expenses for repair or replacement.

15. Both Plaintiffs have incurred medical expenses, lost wages, and other out-of-pocket costs.

16. Both Plaintiffs have incurred pain and suffering, emotional distress, loss of enjoyment of life, loss of quality of daily life, and all other losses or expenses permitted by law.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

17. Pursuant to 28 U.S.C. § 2675(a), Plaintiffs timely filed administrative claims with the United States Postal Service on September 24, 2023, using Standard Form 95.

18. Both Plaintiffs claimed damages for personal injuries each in the amount of $250,000.00.

19. Plaintiff, Anglade Marcelin, claimed property damages in the amount of $50,000.00.

20. As of the date of filing this Complaint, more than six months have passed since the filing of the administrative claim, and the USPS has failed to make a final disposition of the claim. Therefore, the claim is deemed denied under 28 U.S.C. § 2675(a), and Plaintiffs have exhausted all required administrative remedies.

## FIRST CLAIM FOR RELIEF
### (Negligence Under the Federal Tort Claims Act)
### (Against Defendants – United State of America and Dilan Cemaulloa)

21. Defendant, United States of America, acting through its agency USPS and its employee, Defendant, Dilan Cemaulloa, owed a duty to both Plaintiffs to operate its vehicle with reasonable care under the circumstances.

22. Defendant, Dilan Cemaulloa, breached this duty by negligently operating the USPS vehicle, specifically by failing to keep a proper lookout, violating traffic controls, and failing to stop at a stop sign or disregarding a stop sign, and yield to Plaintiffs' vehicle that had the right of way.

23. The negligence of Defendant, Dilan Cemaulloa, was the direct and proximate cause of the collision and the resulting injuries and damages suffered by both Plaintiffs.

24. At all relevant times, Defendant, Dilan Cemaulloa, was acting within the scope of his/her employment with USPS, making Defendant, United States of America, liable under the doctrine of respondeat superior and pursuant to the FTCA.

## DAMAGES

25. As a direct and proximate result of the Defendants' negligence, both Plaintiffs suffered damages, including:

    (a) <u>Medical Expenses</u>: Past and future medical costs.
    (b) <u>Lost Wages</u>: Past and future loss of income and earning capacity.
    (c) <u>Property Damage</u>: Costs of repair or replacement of Plaintiff, Anglade Marcelin's vehicle.
    (d) <u>Pain and Suffering</u>: Physical pain, mental anguish, and emotional distress.
    (e) <u>Compensatory damages in an amount to be determined at trial</u>.
    (f) <u>Other Damages</u>: Any other damages allowable under the law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court enter judgment in favor of Plaintiffs and against each Defendant as follows:

1. For compensatory damages in the amount of $250,000.00 for each Plaintiff, or such other amount as proven at trial;
2. For costs of this action, including reasonable attorney's fees as permitted by law;
3. For pre-judgment and post-judgment interest as permitted by law;
4. For such other and further relief as the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues that are so triable.

Dated: December 2, 2024

          Respectfully submitted,

          */s/ Daniel J. Serafini*
          **Daniel J. Serafini Esq.** (Bar No. 336602021)
          Serafini & Serafini PC
          269 Hamburg Turnpike
          Wayne, New Jersey 07470
          Telephone: (973) 595-9500
          Facsimile: (973) 595-7442
          Email: dan@serafinilawfirm.com
          *Attorney for Plaintiffs, Marcelin Anglade and Rosemond Pompilus*